UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GAREY E. LINDSAY, Regional Director of the
Ninth Region of the National Labor Relations Board,
for and on Behalf of the NATIONAL LABOR
RELATIONS BOARD

                Applicant

       v.                                                  Case No. 3:18-mc-2

FUYAO GLASS AMERICA INC.

                Respondent

## APPLICATION FOR ORDER REQUIRING OBEDIENCE
## TO SUBPOENA DUCES TECUM

The National Labor Relations Board (the Board), an administrative agency of the Federal Government created pursuant to the National Labor Relations Act, as amended [29 U.S.C. Sec. 151, et seq.] (the Act), applies to this Court, pursuant to Section 11(2) of the Act, for an order compelling compliance with the subpoena duces tecum that the Board issued and duly served upon Fuyao Glass America Inc. (Respondent). In support thereof, the Board asserts as follows:

    (a) This Court has jurisdiction of the subject matter of the proceeding and of the person of Respondent by virtue of Section 11(2) of the Act (29 U.S.C. Sec. 161(2)). That is, the administrative investigation in which the subpoena was issued is being carried on within this judicial district, and Respondent operates a place of business within this Court's jurisdiction.

    (b) Pursuant to the provisions of Section 6 of the Act (29 U.S.C. Sec. 156) the Board has issued Rules and Regulations (hereinafter referred to as the Rules), governing the conduct of its operations, which have been published in the Federal Register [24 F.R. 9095], as provided for

in the Administrative Procedure Act [5 U.S.C. Sec. 522].  This Court may take judicial notice of said Rules by virtue of 44 U.S.C. Sec. 307.

(c) This application arises as a result of events in an unfair labor practice proceeding currently pending before the Board.  The Board process began with charges filed in Cases 09-CA-199943 and 09-CA-201382, which allege, inter alia, that Respondent terminated employees in violation of Section 8(a)(1) and (3) of the Act.  (A copy of the unfair labor practice charges are attached as Exhibits A and B.)  Respondent, an employer with an office and place of business in Moraine, Ohio, maintains that its actions were lawful.

(d) Pursuant to the provisions of Section 10(a) and 11(1) of the Act [29 U.S.C. Sec. 160(a) and Sec. 161(1)], an investigation into the alleged unfair labor practices described above in paragraph (c) was commenced by the General Counsel of the Board, on behalf of the Board, under the supervision and direction of the Regional Director for Region 9 of the Board.

(e) As part of the investigation described above in paragraph (d), the Regional Director determined that Respondent possessed information necessary to assist the Regional Director in the pending investigation.  Respondent failed to voluntarily provide the records that the Board requested.

(f) On August 31, 2017, the Regional Director issued an investigative subpoena duces tecum to Respondent, requiring it to supply records to the Board on September 15, 2017.  Said subpoena duces tecum was issued under the authority of the Board and in the manner and form provided for in Section 11(1) of the Act and Section 102.31(a) of the Board's Rules.  (A copy of the subpoena is attached hereto as Exhibit C.)  The subpoena duces tecum was mailed by certified mail via the U.S. Postal Service with delivery confirmation.  On August 31, 2017, a copy of the subpoena was also emailed to Respondent's attorney with a cover letter inviting

Respondent to contact the Board agent with any questions regarding the subpoena.  (A copy of the cover letter is attached as Exhibit D.)

(g)  On September 12, 2017, Respondent filed a Petition to partially revoke the subpoena.  (A copy of the Petition is attached as Exhibit F.)

(h)  On June 22, 2018, the Board issued an Order denying Respondent's petition to partially revoke.  (A copy of the Order is attached as Exhibit G.)

(i)  On July 12, 2018, the Applicant directed Respondent, by letter, to provide the records as required by the Board Order no later than July 16, 2018.  (A copy of the letter is attached as Exhibit H.)

(j)  On July 18, 2018, Respondent offered to provide a narrowed set of documents, thereby tacitly refusing to fully comply with the subpoena.

(l)  Respondent's unwillingness to provide records as required by the subpoena duces tecum and the Board's Order requiring compliance with the subpoena duces tecum constitutes contumacious conduct within the meaning of Section 11(2) of the Act.  Furthermore, Respondent's conduct has impeded and continues to impede the unfair labor practice investigation before the Board and is preventing the Board from carrying out its duties and functions under the Act.

In view of Respondent's failure to comply with the subpoena, the Board requests:

(1) That an order to show cause issue forthwith directing Respondent to appear before this Court on a date specified in the order, and to show cause why an order should not issue directing Respondent to provide all records responsive to the subpoena duces tecum issued by the Board on August 31, 2017.

(2)  After considering arguments in response to the order to show cause, that this Court issue an order requiring Respondent to immediately provide all records responsive to the subpoena duces tecum issued on August 31, 2017, by the Board.

(3)  That the Board be granted such other and further relief as may be necessary and appropriate.

Dated:  July 31, 2018

Respectfully submitted,

*/s/ Joseph F. Tansino*

Joseph F. Tansino, Attorney for Applicant
Region 9, National Labor Relations Board
3003 John Weld Peck Federal Building
550 Main Street
Cincinnati, Ohio 45202-3271
Telephone:  (513) 684-3660
Fax:  (513) 684-3946
joseph.tansino@nlrb.gov
Bar: 6301008 - Illinois